THE PEOPLE, for use of Livingston County

*v.*

JOHN W. HOOVER *et al.*

1. OFFICIAL BONDS — *liability as county treasurer, or as collector.* Where a county treasurer in a county under township organization, who is also collector, receives taxes belonging to the county, he will be considered as holding the same as collector until he reports them to the county clerk as required in sec. 290 of the Revenue act, and until this is done his sureties on his bond as treasurer are not liable for the same, but his sureties as collector are liable.

2. In counties under township organization, there are distinct duties involved in the offices of county treasurer and county collector, though exercised

576        THE PEOPLE, USE, ETC. *v.* HOOVER *et al.* [Sept. T.

Opinion of the Court.

by the same person, and his bond as collector secures the performance of duties not covered by his bond as treasurer, such as relate to State, corporation and other taxes not given to the county.

APPEAL from the Appellate Court of the Second District; the Hon. NATHANIEL J. PILLSBURY, presiding Justice, and Hon. GEO. W. PLEASANTS and Hon. LYMAN LACEY, Justices.

Mr. C. C. STRAWN, for the appellant.

Messrs. WALLACE & TERRY, and Mr. L. E. PAYSON, for the appellees.

Per CURIAM: This was a suit upon the official bond of Joseph H. Stitt, as treasurer of Livingston county.

The plaintiff recovered a judgment for $1457.79 in the circuit court, which, on appeal taken by the plaintiff to the Appellate Court for the Second District, was affirmed, and the plaintiff has appealed from the judgment of the Appellate Court to this court.

The bond bears date November 14, 1875, and the evidence shows that Stitt held the office of county treasurer and performed its duties for the term commencing on the first Monday of December, 1875, and ending on the first Monday of December, 1877, except that he absconded about November 25, 1877, as a defaulter in such office, and has not since returned.

The subject of the suit is county taxes received by Stitt during his term, and still remaining in his hands. It was admitted by plaintiff, on the trial in the circuit court, that Stitt had paid over all except the sum of $3116.16, and appellant insists the judgment should have been for that sum instead of the sum of $1457.79.

This sum of $3116.16 is made up, as we understand, of three items, viz:

The sum for which judgment was rendered against defendants, as found due the court house fund by the report of the

committee appointed by the board of supervisors, - $1457.79

And the last two items of plaintiff's account, viz: special C. H. B. taxes, C. & P. and T., P. & W. R. R. Co.'s, admitted, - - - - - - - 213.51

Current county taxes C. & P. and T., P. & W. R. R. Co.'s, admitted, - - - - - - 1444.86

Total, - - - - - - - $3116.16

These last two items then appear to be the only items in dispute, and the only matter of inquiry is, should they be charged to Stitt in his capacity as county treasurer, and the obligors in his bond as treasurer be held liable therefor, or does he hold the money as county collector, and are the obligors in his bond as county collector alone liable therefor?

Livingston county is under township organization. By statute, "The treasurers of counties under township organization * * * shall be *ex-officio* county collectors of their respective counties."

Such county collector, before he enters upon the duties of his office as collector, is required by the statute to execute a bond in addition to his bond as treasurer, for the performance of all his duties as collector of taxes.

As it was held in *Kilgore* v. *The People*, 76 Ill. 548, that there was no such an officer as county collector,—that the effect of the statute making the treasurer *ex-officio* collector was only to impose additional duties upon that officer, and not to confer upon him an additional office,—it is insisted by appellant that the bond of a county treasurer covers and secures the faithful performance of all the duties of the office, including the additional duties of collector conferred upon him by statute; that the bond as collector covers the additional duties of collector only as a security additional to the treasurer's bond, and is not, in any respect, in lieu of it. If that were so, the sureties upon the treasurer's bond would be liable for delinquent State taxes, delinquent corporation taxes of cities and villages in the county, etc., no part of which is ever held

and handled by that officer as county treasurer. No funds come to his hands from taxes, *as treasurer*, except county taxes received by him from the township collectors. All other taxes, delinquent and otherwise, as railroad taxes and the like, are received and receipted for by him as collector.

We can not accede to the position of appellant to its full extent. We think there are distinct duties of treasurer and collector within the contemplation of the respective bonds given as treasurer and collector, and of the law requiring such respective bonds, in respect to the liability thereunder, and that the collector's bond secures the performance of duties which are not covered by the bond as treasurer.

The question then is, the breach of which duty is there here, that as collector or treasurer? The majority of the court think the solution of the question rests upon the construction of sections 290 and 291 of the Revenue law, Rev. Stat. 1874, pp. 905, 906. Section 290 provides expressly for the keeping of two separate accounts by this officer,— one as county collector and the other as county treasurer. It provides specifically what matters shall be charged and credited in each of these accounts. It provides that the county collector shall on the first of every month report to the county clerk, in writing, the amount of county tax received by him during the preceding month; that he shall credit his account as collector with the amount of his monthly reports to the county clerk, etc., and that as county treasurer he shall charge himself with the amount shown in his monthly report to the county clerk, and such other amounts as may come into his hands as county treasurer. Section 291 provides that the county clerk shall keep separate accounts with the county collector and treasurer; that he shall credit the county collector with the amounts ascertained as required in section 290, charged to the treasurer's account monthly, etc.; that in the treasurer's account, the treasurer shall be charged with the amount of money, etc., reported in the collector's monthly statements required to be made in section 290, etc.

The two items of taxes received which are in dispute, $213.51 and $1444.86, were received by Stitt in 1877 as back taxes due from the railroads named. He could only have received them as collector, and it is admitted that the only account or record to be found of these sums in Stitt's office is the entry of their receipt in his cash book. It is not claimed that they were ever reported by Stitt as collector to the county clerk, or charged to him as treasurer in any manner otherwise than as by said entry of their receipt.

The majority of the court, then, are of opinion that Stitt should be considered as holding this money as collector until he reported it to the county clerk as required by said section 290 of the statute, and that it would not until then be in his hands as treasurer; and that having made no report, the money is in his hands as collector, and his sureties upon his bond as collector are liable in respect of it, and not the sureties upon his bond as treasurer. Of course had there been a disbursement of the money as treasurer, there would be no liability on the bond as collector.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

SCOTT and SHELDON, J J., dissent as to the latter branch of the opinion of the majority of the court, being of opinion that as Stitt had no further duty to perform as collector with respect to the money, and it being all money belonging to the county and which should be in the treasury of the county, it should be regarded as money in the hands of Stitt as treasurer.