THE PEOPLE, use, etc.

v.

JAMES T. COOPER.

1.  SETTLEMENT—MISTAKE OF FACT.—A settlement is not a bar to an action if it was made under a mistake of facts.   So, where a city settled with a collector of taxes as to the accounts between them, and it afterwards appeared that a large sum had been collected in excess of the sum accounted for by the collector, such settlement is no bar to a suit for the balance.

2.  LEVY IN EXCESS OF AMOUNT CALLED FOR NOT INVALID.—A levy and collection of more money than is called for by the ordinance of the city council, will not make the levy invalid as to the excess, and presents no ground of defense to a collector of taxes when sued upon his official bond for a failure to pay over taxes collected by him.

3.  CERTIFYING AMOUNT REQUIRED TO BE RAISED.—The statute requiring the common council to certify to the county clerk on or before the second Tuesday in August, the amount necessary to be raised by taxation, is mandatory, and a certificate made after that time would be nugatory.   So, where the common council certified in proper time an amount that would be required to be raised by taxation, and after the time had elapsed, by another ordinance modified the first amount and certified up the latter amount, the last action of the council should be disregarded in estimating the amount to be raised.

4.  IRREGULARITIES IN LEVY—NOT A DEFENSE TO SUIT ON COLLECTOR'S BOND.—Even if there were irregularities in the levy of the tax, the collector can not take advantage of it when sued for money which he has collected and failed to pay over.   Such question might be raised in an action between a tax-payer and the city and collector to restrain the levy of the tax, but it can not be availed of as a defense to this action.

5. EXTENDING TAX—DUTY OF COUNTY CLERK.—By section 127 of the revenue law, the county clerk is required to estimate and determine the rate per cent. upon the valuation of property within a corporate body, that will produce not less than the net amount certified, and in doing so, it will always happen that more than is called for in the amount certified must be levied in order to cover delinquencies, abatements, etc.; and though the net amount actually raised may exceed the net sum required, the levy is not for that reason, invalid

APPEAL from the City Court of Alton, the Hon. A. H. GAM-BRILL, Judge, presiding. Opinion filed April 14th, 1882.

Messrs. WISE & DAVIS, for appellant; that the power of the common council was exhausted by the first ordinance, and the second ordinance was of no force, cited Mix v. The People, 72 Ill. 241; State v. Sullivant, 51 Ill. 486.

Having collected the taxes by virtue of his warrant, the collector, as between himself and the city, is estopped from saying they were illegal: Cooley on Taxation, 498; The People v. Mc-Hatton, 2 Gilm. 731; Coons v. The People, 76 Ill. 390; Lovingston v. Board of Trustees, 99 Ill. 564; Burroughs on Taxation, 264.

The taxes were not illegal. It was the duty of the clerk to extend at a rate which would produce not less than the net amount required: Revenue Act, § 127; Edwards v. The People, 88 Ill. 340; Union Trust Co. v. Weber, 96 Ill. 346.

Mistakes made in settlements with tax collectors, may be inquired into and corrected: Washington Co. v. Parlier, 5 Gilm. 232; Kinney v. The People, 3 Scam. 357.

Messrs. METCALF & BRADSHAW, for appellees.

BAKER, J. This was an action in debt upon the official bond of James T. Cooper, as collector of Madison county. It is alleged that the said Cooper, after the execution of said bond, and during the time for which it was given, collected certain revenues of the city of Alton, which he failed to pay over or otherwise account for. Pleas were interposed putting in issue the breaches assigned, and averring a settlement with the city and payment of all that was justly due. The cause was tried

by the court without a jury, and the issues were found for the defendant. The record being brought here by appeal, various errors are assigned. There is but little dispute as to the main facts in the case. The common council of Alton passed a revenue ordinance on the 12th of August, 1872, requiring the levy and collection of sundry amounts for specified purposes, aggregating $82,571, which ordinance was duly certified and delivered to the county clerk on the .day following, being the second Tuesday of the month. The items were as follows: Section 2 provided for $16,000 for principal and interest on railroad bonds; Section 3, $19,121 for schools; Section 4, $8,500 to pay interest and principal on certain bonds; Section 5, $39,200 for all other purposes.

Afterwards, on the 23d of September, the council passed another ordinance, purporting to amend the first, by reducing the sum called for in Sec. 5 to $33,250, and the second ordinance was also certified to the clerk of the county court. The tax book for the city of Alton was prepared in the county clerk's office, and delivered to defendant, Cooper, for collection. He placed the book in the hands of Fishback, his deputy, who proceeded to collect the taxes according to the warrant. The defendant, Cooper, subsequently presented his account to the city, and after some delays the same was approved and settlement was had in pursuance of the account so presented. Afterwards the city, upon investigation, discovered that a larger sum than that accounted for had been collected, and this suit was brought. Without going into the details we think it satisfactorily established, and that it is really not a matter of serious controversy that there was collected an amount (exceeding $35,000) that has never been accounted for. The defendant, Cooper, can not explain the matter, as the business was conducted mainly by his deputy. He relies, first, upon his settlement with the city, and, second, upon the proposition that whatever was collected in excess of the sum called for by the amendatory ordinance , was without authority of law, and that the city can not recover it in this action.

As to the first proposition, it is sufficient to say that the settlement will not bar the city if it was made under a mistake

of facts. Indeed as the city authorities were but the agents of the public, they could only exercise such powers as were vested in them. They could not give away or donate any portion of the public funds. The Board, etc. v. Edwards, 76 Ill. 544. And while their action might bind the city in compromising a controversy, as to doubtful and disputed matters where the rights of the city were really in jeopardy and uncertainty, yet there was no such case here. It is apparent that the accounts of the collector were passed without any more than a formal examination, and that the city officials had then no reason to suppose that there had been collected any moneys not specified in the account as presented. Under such circumstances, the rights of the city were not barred. Kinney v. The People, 3 Scam. 357; Washington Co. v. Parlier, 5 Gilm. 232.

The other ground of defense we regard as equally untenable. If it is conceded, as stated by the deputy county clerk, that the taxes were extended upon the basis of the last ordinance, and the levy as made would produce a larger sum than called for, yet this would not render the tax invalid. By section 127 of the revenue law, the county clerk is required to estimate and determine the rate per cent. upon the valuation of the property within the city that will produce not less than the net amount certified. In doing this it will always happen that more than is called for must be levied in order to cover delinquencies, abatements, etc., and though the net amount actually raised may exceed the net sum required, the levy is good. Edwards v. The People, 88 Ill. 340; Union Trust Co. v. Weber, 96 Ill. 357. But we are inclined to the opinion that the council exhausted its power on the subject when it passed the first ordinance, and that the levy should be measured by that ordinance alone. Section 122 of the revenue laws then in force, required the council to certify to the county clerk the amount necessary to be raised by taxation on or before the second Tuesday of August, and in Mix v. The People, etc., 72 Ill. 241, the Supreme Court held this provision mandatory.

It was therefore essential to the validity of the tax that the certificate should be made within the time fixed by law; and as it could not be made later, it would seem to be a logical con-

clusion that an attempt to modify it by later action would be unavailing, and should be entirely disregarded in estimating the legal effect of the whole transaction. Hence it is not important to know what may have been the purpose or intention of the clerk in fixing the rate per cent., though he may have intended to measure it by the requirement of the second ordinance, and through misapprehension made it large enough to fill the requirement of the first, his action is not thereby null, but he has in the end done what was his duty, and the result is what the law demands. Finally, we are of opinion that whether there was irregularity in the levy of the tax, the collector can not raise the question when he is called upon to pay over what he has collected. He has received the money for the use of the city, and he should account for it. It is not material that those from whom he has collected might have resisted payment. The authorities are full, complete and conclusive upon this point, and we deem it so well settled that it needs no elucidation or defense. It stands upon the plainest principles, and has its just application in the case at bar. Cooley on Taxation, 498–9, and cases cited; Burroughs on Taxation, 264; Coons v. People, 76 Ill. 390; Lovingston v. Board of Trustees, 99 Ill. 564.

Were this a proceeding between the tax-payer on the one side, and the collector and the city on the other, to prevent the payment of the tax or the application of it after its collection, then the question would properly arise whether it was levied and collected according to law, and the case of Town of Virden v. Needles, 98 Ill. 366, would be in point. It is not doubted that the tax-payer may, in a proper case, present this question and arrest the fund while in the hands of the collector, or prevent its collection. But such is not the case under consideration. This is only a case where the city is calling upon the collector to pay over money which he has collected for its use, and as we have already said, he can not, in such a proceeding, object that the tax was collected without proper authority.

The judgment is reversed and the cause remanded.

Reversed and remanded.