The People of the State of Illinois for the use of Isaac Marks and Arnold K. Marks, Trading as Marks & Company, Appellants, v. George F. Harding et al., Appellees.

Gen. No. 36,015.

Heard in the first division of this court for the first district at the June term, 1932. Opinion filed November 14, 1932.

POPPENHUSEN, JOHNSTON, THOMPSON & COLE, for appellants; SAMUEL J. RICHMAN and HENRY J. BRANDT, of counsel.

SCHUYLER, WEINFELD & HENNESSY, for appellees George F. Harding and Hartford Accident and Indemnity Company; GEORGE W. LENNON and HENRY E. JACOBS, of counsel.

CASSELS, POTTER & BENTLEY, for appellee Columbia Casualty Company; GEORGE C. BUNGE, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This suit was begun as an action in debt in the name of The People for use of Isaac and Arnold Marks, doing business as Marks & Company. Defendants are George F. Harding and the sureties on his official bond as county treasurer of Cook county, Illinois. The declaration was in two counts which in substance

averred the execution of the bond of Harding in the form prescribed by the statute, the condition of it being that Harding should perform all the duties "which are or may be required by law to be performed by him as Treasurer of said County of Cook"; and the approval of the bond by the county commissioners. It was averred that Harding failed to discharge his official duties as required by statute and as fixed in the condition of the bond, in that he accepted 13 checks for the aggregate sum of $17,710.70 from Isaac Marks and Arnold K. Marks, which checks were given him with written instructions to apply their proceeds to the payment of general taxes levied on certain real estate in Cook county; that Harding collected and received the proceeds from the bank upon which the checks were drawn but failed and refused to apply the same to the discharge of the taxes and wrongfully and unlawfully took, appropriated and misapplied the funds.

An affidavit of claim was attached to the declaration, which averred that there was due to plaintiffs from defendants for the use of Marks & Company after allowing credits, deductions and set-offs the sum of $17,710.70.

The several defendants demurred generally to the declaration. The court sustained the demurrers, and plaintiffs electing to stand by the declaration, the cause was dismissed with judgment against plaintiffs for costs.

Plaintiffs rely upon section 262, paragraph 277, chapter 120 of Cahill's Ill. Rev. Stats. which provides:

"Cities, towns, villages or corporate authorities, *or persons aggrieved,* may prosecute suit against any collector or other officer collecting or receiving funds for their use, by suit upon the bond, in the name of the People of the State of Illinois, for their use, in any court of competent jurisdiction, whether the bond has

been put in suit at the instance of the Auditor or not; and in case of judgment thereon the Auditor may, if he shall so elect, have a writ of inquiry of damages for any amount that may be due to the State treasury from such officer. Cities, towns, villages and other corporate authorities or persons, shall have the same rights in any suits or proceedings in their behalf as is provided in case of suits by or in behalf of the State.''

It is the contention of plaintiffs that under the facts as stated in the declaration they are ''persons aggrieved'' within the meaning of the statute; that they therefore can maintain their suit upon the official bond of the collector. They also contend that if the right to maintain such suit were not granted by the statute it would exist under the established and accepted rules of the common law, citing Murfree on Official Bonds, section 323, and *City of Cairo v. Sheehan,* 173 Ill. App. 464. In the last mentioned case, Sheehan upon his appointment as a police constable for the City of Cairo gave a bond conditioned that he would well and faithfully perform his duties as such police officer. The declaration averred that the bond was breached in that defendant while acting as such police constable assaulted plaintiff Robinson and arrested him without reasonable cause. A general demurrer was filed and sustained. It was contended in support of the judgment that the statute which required the execution of the bond did not provide that it should be given for the use and benefit of third persons; but the court held against this contention, saying that there was a sufficient averment that defendant committed wrongs by virtue of his office and while engaged in the performance of his duties, and that while the statute did not expressly provide that the bond should be for the benefit of third persons, the court would supply the provision by construction of the statute. The judgment was re-

versed and the cause remanded with directions to overrule the demurrer.

Plaintiffs cite a number of other cases where officials have been held liable upon their bonds. It was so held as to a county clerk (*People v. Brown*, 194 Ill. App. 246), as to a constable for an assault committed while in the performance of his duties (*Greenberg v. People*, 225 Ill. 174), as to a city marshal (*People v. Morgan*, 188 Ill. App. 250), and as to a treasurer of a municipal corporation (*City of East St. Louis v. Flannigan*, 26 Ill. App. 449). The diligence of counsel, however, has failed to discover any decision construing the particular statute upon which plaintiffs rely in this case, but we think it may be assumed and conceded that under a proper and sufficient statement of facts the county collector of Cook county and the sureties on his bond would be held liable to third persons for injuries sustained by them on account of any violation of the condition of the bond.

However, the real question for decision here is not whether the county collector or his bondsmen may be liable in such case, but whether the facts here averred are sufficient to disclose such liability. There is here no allegation of an assault upon or similar wrong to plaintiffs as was true in some of the cases cited and relied on.

The statute gives to "persons aggrieved" a right of action on the bond, but that phrase is modified by limiting the suit which may be brought to a collector or officer "collecting or receiving funds *for their use.*" The declaration describes a situation in which defendant Harding as *ex officio* county collector was authorized and was in the performance of his duties as collector, receiving payment of taxes levied for the year 1927 upon real estate in Cook county, Illinois. It avers that plaintiffs were taxpayers and that they made and delivered checks to Harding directing the application of

the proceeds thereof to the payment of general taxes levied and assessed against certain tracts of real estate. It charged that it was the duty of Harding to apply these checks as directed, and that he failed to do so. The declaration shows, however, that in making these collections Harding was acting as the representative of the government authorities. Money which was paid to him by check or otherwise with directions to apply the same on taxes cannot be said to have been received by him *for the use of the taxpayers making the payment;* on the contrary, upon receiving such money the obligation was placed upon him to turn it over to the persons, municipalities, etc., for whom he had collected it, as provided by law. As was said of the defendant in *People v. Cooper,* 10 Ill. App. 384: ''He has received the money for the use of the city, and he should account for it. It is not material that those from whom he has collected might have resisted payment.'' (See also *Cooper v. People,* 85 Ill. 417.) Or as was said in *People v. Gillespie,* 47 Ill. App. 522: ''The collector is an agent and as such received the money. The public is his principal for whom it was received. *Wilkinson v. Bennett,* 56 Georgia, page 290.'' Or as was said in *People v. Hoover,* 92 Ill. 575: ''Where a county treasurer in a county under township organization, who is also collector, receives taxes belonging to the county, he will be considered as holding the same as collector until he reports them to the county clerk as required in section 290 of the Revenue Act, and until this is done his sureties on his bond as treasurer are not liable for the same, but his sureties as collector are liable.''

The liability of the county collector of Cook county is to these public bodies and his liability in that respect is that of a surety. *People v. McGrath,* 279 Ill. 550; *City of Chicago v. Southern Surety Co.,* 239 Ill. App. 628.

Even if the taxes which were paid to defendant Harding as county collector had been illegally collected by him, payment being voluntary and to a public officer, it could not be recovered by plaintiffs. That rule is practically universal, and only a few of the many authorities will be cited. *Illinois Glass Co. v. Chicago Tel. Co.,* 234 Ill. 535; *Schoden v. Schaefer,* 184 Ill. App. 456; 21 R. C. L. 142.

Construing the language of the statute upon which plaintiffs rely in the light of the actual facts set up in the declaration, we hold that the plaintiffs are not "persons aggrieved" within the meaning of that statute, and that the funds collected and received by Harding were not "for their use." Nor would we arrive at a different conclusion if the case made by the declaration is considered independently of the statute. It is true that the declaration alleges that the proceeds of the checks were not used to pay taxes and were appropriated and misapplied by the collector. It by no means follows that the obligations of plaintiffs for the payment of their taxes were not discharged; on the contrary, when, as the declaration avers, the checks were turned over to the county collector with directions to apply the same to the payment of specific taxes the obligations of plaintiffs in that respect were fully discharged. When the money went into the collector's hands under the directions set forth in the declaration, plaintiffs' taxes were paid. Thenceforth the obligations of the official were to the taxing bodies whom he represented in making these collections rather than to the persons from whom the payment was received.

It is true that plaintiffs as taxpayers had an equitable right to see that this money was properly applied, for in equity the taxpayers are owners of the property of the municipality, but that is a right which may be enforced only by a suit in equity. *Jones v. O'Connell,* 266 Ill. 443; *Hays v. Martin,* 240 Ill. App. 340; *People*

*v. Holten,* 287 Ill. 225. This suit is not in equity but is a suit at law. It would be an extraordinary rule which would make it possible that money voluntarily paid in the discharge of an obligation due to the State for taxes might be recovered from the official to whom it was paid and who was authorized to receive it. Such rule would, as counsel for defendants contend, "lead to endless confusion and conflict of rights as between the taxpayer and the tax consuming divisions of government and bring even the tax assessing powers into constant , embarrassment, vexatiousness and jeopardy." We think no case announcing such doctrine will be found in the books.

It is suggested that the county collector failed to make certain book entries required by the statute. The evident purpose of such provision is that evidence of the payment might be preserved as a matter of public record. That provision of the statute is for the benefit of the public as well as persons concerned, and the failure to comply with it could not furnish a sufficient basis for a suit by a taxpayer to recover money paid to the proper official.

The judgment of the trial court is affirmed.

*Affirmed.*

McSURELY, P. J., and O'CONNOR, J., concur.