(No. 30382.—

SEABOARD SURETY COMPANY, Appellant, *vs.* THE COUNTY OF PEORIA *et al.*, Appellees.

*Opinion filed November 20, 1947.*

FRANK H. MASTERS, JR., of Joliet, for appellant.

ROY P. HULL, State's Attorney, and J. EDWARD RADLEY, both of Peoria, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

This is an action at law brought by the Seaboard Surety Company to recover the sum of $2160, representing the premium due on a county collector's bond in the penal amount of $270,000, executed by appellant as surety in favor of the county of Peoria. Both appellant and appellees filed a motion for summary judgment, and after a hearing on the motions the trial court allowed appellees' motion and denied appellant's motion. Appellant elected

to stand on its motion and judgment was entered in favor of appellees. The validity of a statute being involved, the appeal comes directly here from the circuit court.

The facts are not in dispute. On December 23, 1946, the surety company delivered to appellee Johnson, *ex-officio* county collector of Peoria County, a bond, prepared in the form prescribed by section 177 of the Revenue Act of 1939, as amended, (Ill. Rev. Stat. 1945, chap. 120, par. 658,) which bond it had executed as surety on behalf of Johnson. The bond was accepted by Johnson and approved by the finance committee of the board of · supervisors, after which it was recorded as required by law.

The surety company contends that the county accepted the bond and is therefore liable for the premium by virtue of section 1 of the act of June 7, 1897, as amended, (Ill. Rev. Stat. 1945, chap. 103, par. 16.) The county contends that the population of Peoria County is over 150,000, and that therefore the bond should have been executed in the form prescribed by section 16 of the act of June 29, 1915, (Ill. Rev. Stat. 1945, chap. 36, par. 32;) and that because the bond is improperly drawn, the county is not liable for the premium. The difference between the forms prescribed is that in the bond required by the Revenue Act of 1939, as amended, there is a provision to the effect that the surety is not bound to make good any loss sustained by the failure of a bank or trust company acting as a depositary of county funds, whereas in the bond required by the act of June 29, 1915, there is no such provision.

The act of June 29, 1915, is an addition to the County Treasurers Act. It applies only to counties whose population exceeds 150,000. (Ill. Rev. Stat. 1945, chap. 36, par. 18.) It provides for a procedure whereby the county treasurer shall each year advertise for bids from the various State and national banks within the county for interest on county moneys to be deposited in the bank. The bids received pursuant to such advertisement are then referred

to the county treasurer, the county clerk, and the president or chairman of the county board and these three officials are empowered by majority vote to designate which bank or banks shall be the authorized depositaries. (Ill. Rev. Stat. 1945, chap. 36, par. 18.) Each bank so authorized is then required to give bond before it can receive any deposits. (Ill. Rev. Stat. 1945, chap. 36, par. 20.) The act places certain restrictions on the amount of deposit which can lawfully be made in any one bank, and on the methods of withdrawing funds by the county treasurer. (Ill. Rev. Stat. 1945, chap. 36, pars, 23, 24, 25, and 27.) The act then provides that "When the county treasurer in any county to which this act shall apply shall have complied with the terms thereof and shall have deposited all county moneys in depositaries designated and selected in the manner hereinafter provided, he shall be permitted to execute a new bond in a penal sum to be fixed by the county board with sufficient sureties to be approved by said board, and every county treasurer hereafter elected, before entering upon the duties of his office, shall in like manner give a bond, the amount thereof to be fixed and the sureties thereon to be approved by the county board." (Ill. Rev. Stat. 1945, chap. 36, par. 32.) The form of the bond is also set forth in this paragraph. It is a bond in this form which the county of Peoria says its county treasurer, as *ex-officio* collector of taxes, was required to give.

In the case of *People ex rel. Nelson* v. *West Englewood Trust and Savings Bank,* 353 Ill. 451, we considered the validity of the act insofar as it purported to authorize the county treasurer, county clerk, and president or chairman of the county board to designate the banks in which deposits could lawfully be made. We there held that such a provision was invalid, as it deprived the county treasurer of his constitutional right and duty to exercise absolute control over the funds in his custody. Obviously, there-

fore, the provisions of the act for the selection of an authorized depositary cannot be complied with. It follows that the section which permits the county treasurer to give a new bond, after he has complied with all of the terms of the act and deposited all of the county moneys in the authorized banks, is likewise inoperative. If the power to designate authorized depositaries under the act is invalid, as we have held, it is apparent that the county treasurer cannot deposit the county moneys in depositaries so designated, and cannot therefore meet the prerequisite to giving a new bond in the form prescribed by the act of June 29, 1915.

What bond, then, must the county treasurer furnish? As county treasurer, he must give a bond in the form and amount prescribed in the County Treasurers Act. (Ill. Rev. Stat. 1945, chap. 36, par. 2.) In addition, in those counties under township organization, where the county treasurer is *ex-officio* collector of taxes, (Ill. Rev. Stat. 1945, chap. 120, par. 657,) he must give a bond as collector. (Ill. Rev. Stat. 1945, chap. 120, par. 658.) His bond as *ex-officio* collector of taxes secures the performance of duties which are not covered by his county treasurer's bond. (*People* v. *Hoover,* 92 Ill. 575.) Without this additional bond, the county treasurer has no power to collect taxes. *Coons* v. *People,* 76 Ill. 383.

The bond executed by the surety company in this case was the bond of the *ex-officio* collector of taxes for Peoria County. It was required by law, and the county is liable for the payment of the premium thereon. (Ill. Rev. Stat. 1945, chap. 103, par. 16.) The trial court therefore erred in overruling the motion of the surety company for summary judgment and in allowing the motion for summary judgment made by the county and Johnson. The judgment of the trial court is reversed and the cause remanded with directions to enter judgment for appellant.

*Reversed and remanded, with directions.*